IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 3:08CR436–HEH |
| ) | |
| GREER HINTON, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(Granting Government's Motion for Upward Variance)

On December 8, 2008, the defendant, Greer Hinton, pled guilty to one count of possession with intent to distribute cocaine base and one count of possession of a firearm in furtherance of a drug-trafficking crime. The Court deferred sentencing pending the preparation of a Presentence Investigation Report ("PSR"). In computing the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), the probation officer determined that the defendant had a total offense level of 27, a criminal history category of IV, and a resulting sentencing range of 100–125 months. In its position on sentencing, the United States has requested an upward variance based principally on the fact that the calculated criminal history category underrepresents the defendant's criminal history. The Court held oral argument on the government's Motion at the defendant's sentencing on March 6, 2009.

In reviewing the government's Motion, the Court is guided by the analytical framework articulated by the United States Court of Appeals for the Fourth Circuit in *United States v. Rybicki*, 96 F.3d 754, 757–58 (4th Cir. 1996), *United States v. Bonetti*, 277 F.3d 441, 449 (4th

1

Cir. 2002), and *United States v. Dalton*, 477 F.3d 195, 198–200 (4th Cir. 2007), as supplemented by the teachings of *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006). Following the established regimen, this Court begins its analysis by reviewing the circumstances and consequences of the offense. Accordingly, the Court has examined the PSR and the memoranda filed by counsel. Based on the defendant's significant criminal history, which includes violent offenses in addition to a pattern of drug-related crimes, and his clearly demonstrated refusal to respect the laws of the United States, this Court concludes that the facts and circumstances of this case justify an upward variance from the calculated Guidelines range to promote respect for the law and deterrence. *See United States v. Davenport*, 445 F.3d 366, 370 (4th Cir. 2006).

The Court does not believe that sentencing at offense level 27, criminal history category IV (100–125 months) appropriately serves the factors set forth in 18 U.S.C. § 3553(a). In identifying a sentence that is adequate, but not longer than necessary, to achieve the objectives of 18 U.S.C. § 3553(a), this Court has incrementally considered each criminal history category on the horizontal axis of offense level 27. The Court notes that the defendant received no criminal history points for his violation of the conditions of supervised release. The defendant distributed more than sixty grams of cocaine hydrochloride, and a search of his apartment yielded twenty-one grams of cocaine base and a .357 caliber revolver. Police also seized $1,675.00 in United States currency from the defendant. A variance is warranted based upon the fact that the defendant committed the crimes currently before the Court while on supervised release after serving seventy-two months for distribution of cocaine base—a crime identical to the current offense.

In determining the appropriate criminal history category on total offense level 27, the

Court is guided by the factors articulated in § 3553(a). Critical to the immediate analysis is promoting respect for the law and deterrence of future criminal conduct. Prior periods of incarceration have had no impact or influence on this defendant; he has continued to possess and distribute significant quantities of cocaine base. Consequently, this Court believes that a criminal history category V, offense level 27, provides a sentencing range that is adequate, but not longer than necessary, to achieve the objectives of 18 U.S.C. § 3553(a), namely 120–150 months.

                                                    /s/
                                    Henry E. Hudson
                                    United States District Judge

Date: March 18, 2009
Richmond, VA